# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL LOPEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11 C 6657 |
| CALUMET RIVER FLEETING, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Paul Lopez has sued Calumet River Fleeting, Inc. He asserts a claim under the Jones Act and common law claims for Calumet's failure to provide a seaworthy ship and to enforce his right to receive "maintenance and cure" from Calumet. Lopez and Calumet have each filed motions for partial summary judgment. For the reasons stated below, the Court denies both motions.

## Background

The Court previously granted Lopez's motion for a preliminary injunction in part. *Lopez v. Calumet River Fleeting, Inc.*, No. 11 C 6657, 2012 WL 1658110 (N.D. Ill. May 11, 2012). Specifically, the Court granted Lopez's request for increased maintenance payments but denied his request for attorney's fees and punitive damages as premature. The Court assumes familiarity with that decision.

Lopez worked for Calumet as a deckhand engineer. On June 10, 2009, Lopez, fellow deckhand Justin Yanez, and Captain Robert Lund served as crew aboard Calumet's tugboat, Krista, shifting empty barges across the Calumet River for cleaning.

The parties do not dispute that as the crew was preparing to dock an empty barge at the Chicago Dry Dock on 104th Street, Lopez fell off or was thrown off the barge and into the river, injuring his knee. The parties hotly dispute what caused Lopez to end up in the river as well as most of what occurred following the injury.

Lopez has moved for summary judgment on his claim for negligence under the Jones Act and for unseaworthiness under common maritime law, arguing that no reasonable jury could deny that Calumet's tug, Krista, was unseaworthy when Lopez was injured and that Calumet acted negligently in causing his injury. He contends that Calumet was negligent in three respects: (1) Calumet negligently placed Lopez in an unsafe work environment when it assigned him to work on a barge with stacked covers; (2) Captain Lund negligently towed the barge with only one towing line instead of two; and (3) Captain Lund failed to ensure that Yanez acted as a look-out for Lopez while he prepared to throw a line to the dock to moor the barge. He argues that the tug was unseaworthy, presumably based on its allegedly inadequate towing line and the insufficiency of her crew that did not include a look-out for Lopez.

Lopez has also moved for summary judgment against Calumet on its affirmative defense of contributory negligence. He argues that no reasonable jury could conclude that he was negligent, and that alternatively, Calumet's violation of U.S. Coast Guard regulations preclude any reduction of his damages as a matter of law.

Calumet has also moved for partial summary judgment. It argues that no reasonable jury could conclude that it willfully and wantonly denied Lopez's claim for maintenance and cure and that for this reason, he is not entitled to attorney's fees or punitive damages.

**Discussion**

Summary judgment is proper if the evidence demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 898 (7th Cir. 2011). On cross-motions for summary judgment, the Court construes all facts and inferences "in favor of the party against whom the motion under consideration is made." *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (citing *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 536 (7th Cir. 2004)). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (movant has burden of establishing lack of issue of material fact).

**A.      Lopez's motion for summary judgment**

The Jones Act provides a seaman injured in the course of his employment with a federal cause of action against his employer for negligence. 46 U.S.C. § 30104; *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). Lopez will prevail on his Jones Act claim against Calumet if he can establish: (1) personal injury in the course of his employment; (2) Calumet's negligence; and (3) Calumet's negligence was the cause "in whole or in part" of his injury. *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432, 436 (4th Cir. 1999); *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*). Negligence may arise from a failure to remedy a dangerous condition on a vessel, a failure to supervise, or any other breach of a shipowner's duty of care,

3

but a plaintiff "cannot rely on the occurrence of an injury [alone] to demonstrate a defendant's negligence." *Aukstuolis v. Harrah's Ill. Corp.*, No. 99 C 3593, 2002 WL 31006128, at *3 (N.D. Ill. Sept. 5, 2002) (citing *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (liability under FELA and the Jones Act predicated on common-law concept of negligence)).

"Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Lewis*, 531 U.S. at 441. The plaintiff need not establish negligence or fault to prevail on a claim of unseaworthiness, but he must "prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001) (citing *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 213 (1963)); *see also Moreno v. Grand Victoria Casino*, 94 F. Supp. 2d 883, 891 (N.D. Ill. 2000) ("[n]egligent orders, insufficient crew members and assigning too few crew members to a job may deem a vessel unseaworthy," among others). "Generally, unseaworthiness is a question of fact for the jury and should not be resolved by the court as a matter of law." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006); *see also Lieberman v. Matson Navigation Co.*, 300 F.2d 661, 662 (9th Cir. 1962).

The Court concludes that several genuine issues of material fact remain regarding Calumet's alleged negligence and the seaworthiness of Calumet's tugboat, and her equipment and crew. For example, the parties' expert witnesses disagree regarding the propriety of Captain Lund using a single towing line to tow the barge across the river. Lopez's expert witness, Captain James Jamison, has opined that

4

"[t]here is no excuse to only use one (1) line to move a barge" and that Calumet should have implemented a policy that mandated the use of at least two towing lines at all times. Pl.'s Ex. 8 at 3. By contrast, Calumet's expert witness, Captain Richard DiNapoli, has opined that using one towing line is actually quite popular among veteran tugboat captains and crews and that this can "actually provide more precise control of units being shifted over short distances at low speeds." Def.'s Ex. 6 at 12. This issue—the reasonableness of Captain's Lund's use of one towing line—is highly material on the issues of Calumet's negligence and the tug's unseaworthiness. The parties similarly dispute the reasonableness of Lopez's assignment in a location where he could not be seen by the other crewmen and the failure of Captain Lund to provide a look-out for Lopez. Thus summary judgment as to Calumet's negligence and its boat's seaworthiness is inappropriate.

Lopez has also asked this Court to conclude as a matter of law that he was not contributorily negligent. *See Kelley v. Sun Transp. Co.*, 900 F.2d 1027, 1031–32 (7th Cir. 1990) (fact that seaman is guilty of contributory negligence does not bar recovery, but rather diminishes his award of damages in proportion to the amount of negligence attributable to him); *Moreno*, 94 F. Supp. 2d at 885 (same). The Court similarly finds several genuine issues of material fact exist, precluding any finding as a matter of law regarding Lopez's negligence. Specifically, the Court determines that Lopez's testimony that the barge was wet and that he was standing approximately two feet from the edge when he was injured amounts to evidence from which a reasonable jury could conclude that Lopez did not act with due care under the circumstances. *See Gautreaux*, 107 F.3d at 339 (Jones Act plaintiff's actions should be judged against how

a reasonable seaman would act under the circumstances).

Lopez alternatively contends that any damage award he receives should be exempt from a comparative fault reduction based on Calumet's failure to adhere to a U.S. Coast Guard regulation, 46 C.F.R. § 16.240, that mandates drug and alcohol testing for anyone involved in a serious marine incident. The parties agree that Lopez's damages (if any) will be ineligible for reduction if he meets the following five elements: (1) Calumet violated Coast Guard regulations, (2) Lopez is part of the class of intended beneficiaries of those regulations, (3) his injury is of a type against which the regulations are designed to protect, (4) there is no excuse for the regulatory violation, and (5) causation. *Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996); *see also Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 160 (5th Cir. 1985).

Calumet argues that it did not violate Coast Guard regulations when it failed to test Captain Lund for drugs or alcohol. Even assuming that Calumet did run afoul of the regulations, however, Lopez cannot show that its failure to drug test Captain Lund after the fact caused his own injury in any way. To the contrary, the fact that the test is not mandated until after an incident occurs suggests that the regulation is not for Lopez's benefit at all but instead is intended to protect the *next* injured party aboard a ship commanded by Captain Lund. *See Transp. Inst. v. U.S. Coast Guard*, 727 F. Supp. 648, 659 (D.D.C. 1989) (purpose of post-casualty testing is to obtain information and subsequently "take appropriate measures to safeguard the general public"); *see also Sinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 630 (1989) (same justification for testing railroad employees immediately following a railway incident). Because no reasonable fact finder could determine that Calumet's failure to order Captain Lund to

6

undergo drug and alcohol testing immediately following the incident played a causative role in Lopez's injury, judgment as a matter of law in his favor is inappropriate.

**B.     Calumet's motion for summary judgment**

As noted above, this Court previously addressed Lopez's claim for increased maintenance but did not address the merits of his request for attorney's fees and punitive damages.  *Lopez*, 2012 WL 1658110, at *2.  The Court noted, however, that "[a]n employer who willfully and wantonly disregards its maintenance and cure obligation can be liable for punitive damages and the attorney's fees incurred by the employee to obtain maintenance and cure."  *Id.*  Calumet has moved for summary judgment on Lopez's claim for attorney's fees and punitive damages, arguing that no reasonable jury could conclude that it willfully and wantonly disregarded its obligation to provide Lopez with maintenance and cure following his injury.

The Court finds that genuine issues of material fact exist regarding Calumet's decision in February 2012 to terminate Lopez's maintenance and cure.  Specifically, there is conflicting testimony from the physicians who examined Lopez regarding his condition and conflicting evidence concerning Calumet's payment of Lopez's medical bills prior to its decision to terminate payment in February 2012.  Viewing the evidence in the light most favorable to Lopez, the Court finds that a reasonable finder of fact could determine that Calumet willfully and wantonly disregarded its obligation to provide maintenance and cure to Lopez.  Thus Calumet is not entitled to summary judgment.

## Conclusion

For the reasons stated above, the Court denies Lopez's motion for summary

judgment [docket no. 69] and denies Calumet's motion for summary judgment [docket no. 81].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 21, 2013